CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 08 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GLORIA BROOKS DILLON,** | ) | Civil Action No. 7:12cv00472 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| **BELK, INC.,** | ) | |
| | ) | By: **Samuel G. Wilson** |
| Defendant. | ) | **United States District Judge** |

This is a premises liability action pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, by plaintiff Gloria Brooks Dillon against defendant Belk, Inc. ("Belk") for injuries Dillon sustained after tripping on an unknown object at a Belk department store. On February 6, 2013, Belk moved for summary judgment on the ground that Dillon cannot show what caused her fall or the duration of any unsafe condition, and therefore cannot establish that Belk had actual or constructive notice of an unsafe condition (an essential element of her prima facie case). Dillon has not responded to Belk's summary judgment motion.[1] Consequently, pursuant to the court's October 12, 2012, scheduling order (see Order 2, ECF No. 7) the court considers Belk's motion to be unopposed. However, Dillon's claim also fails on the merits. Accordingly, the court grants Belk's motion for summary judgment.

I.

Dillon was shoe shopping at a Belk department store in Roanoke, Virginia, on September 3, 2010. While she was trying on a pair of shoes, Dillon tripped, landed on a display table, and injured her hip and knee. According to Dillon's sworn statement, she "is not sure what she . . . stepped on. There were shoes out. [She] knows she stepped on the edge o[f] something and

---

[1] Dillon's response was due on February 20, 2013.

there were shoes around on the floor." (Answer to Def.'s Interrog. 5, ECF No. 12-2.) Dillon brought this action against Belk in the Circuit Court for the City of Roanoke seeking $900,000, and Belk removed the action to this court.

## II.

Belk has moved for summary judgment on the ground that Dillon cannot establish that Belk had actual or constructive notice of an unsafe condition. Because Dillon, at the very least, is unable to present any evidence of the duration of the alleged unsafe condition at the Belk department store, the court finds that Dillon has failed to establish a prima facie case and grants Belk's motion for summary judgment.[2]

The rules applicable to slip-and-fall cases are settled in Virginia. See Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (1990). Under these rules, a store operator must exercise ordinary care toward customers on the store's premises. Id. Ordinary care requires that the operator keep the premises in a reasonably safe condition, remove foreign objects and substances from the floor within a reasonable time when the operator knows or should know of their presence, and warn unknowing customers about them. Id. When an invitee is injured by a foreign object or substance on the store premises, a plaintiff seeking damages must show that the operator had actual or constructive notice of the condition. Grim v. Rahe, Inc., 246 Va. 239, 242 (1993). When there is no evidence of actual notice (as is the case here), "constructive knowledge or notice of a defective condition of a premise . . . may be shown by evidence that the defect was

---

[2] A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a summary judgment motion under Rule 56, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. "[I]f the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Id. (citing Winn-Dixie Stores, 240 Va. at 184).

Applying those precepts, Belk is entitled to summary judgment because Dillon does not know what caused her fall and is unable to present evidence of the duration of the alleged unsafe condition at the department store. According to her own statement, Dillon is "not sure" what she stepped on, and is only certain that she stepped on the "the edge o[f] something." As a result, Dillon can offer nothing showing the duration of an unsafe condition that caused her to trip and fall. Virginia law is clear on the point that when there is no evidence of the duration of an unsafe condition, the plaintiff has not established a prima facie case. See Grim, 246 Va. at 242. In the absence of any such evidence, Belk is entitled to summary judgment. In addition, Dillon has not responded to Belk's summary judgment motion, and, pursuant to the court's October 12, 2012, scheduling order, the court considers Belk's motion to be unopposed. Accordingly, the court grants Belk's motion for summary judgment.

### III.

For the reasons stated, the court grants Belk's motion for summary judgment.

**ENTER:** March 8, 2013.

_____
UNITED STATES DISTRICT JUDGE